UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

                  Plaintiff/Respondent,          Crim. No. 01-263-3-HA
                                                Civil No. 06-527-HA

      v.                                    OPINION and ORDER

JAY W. WILSON,

                  Defendant/Petitioner.

HAGGERTY, District Judge:

        Petitioner filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [285]. This court has considered all arguments, issues, and exhibits presented by petitioner. For the following reasons, the parties are ordered to file additional affidavits.

**BACKGROUND**

        Petitioner's conviction arose from an investigation that began in May, 2001, when United States Customs agents in Florida seized a box of shampoo bottles that contained hundreds of pills of Methylenedioxymethamphetamine (ecstasy). The pills were shipped from Belgium by co-defendant Terrance Fischer. Law enforcement agents delivered the shipment of drugs to its original addressee, a tanning salon in Portland, Oregon, and the business owner agreed to

1 - OPINION AND ORDER

cooperate with investigators. The man who was sent to pick up the package was arrested, and he named several individuals associated with the drug conspiracy, including petitioner.

Subsequent investigation revealed that petitioner assisted Fischer when Fischer moved to Amsterdam in January 2001, and that petitioner bought, sold, and distributed Fischer's drug shipments across the United States. The investigation continued, and on August 13, 2001, agents armed with a search warrant (and petitioner's consent) stopped petitioner and searched petitioner, his house, and his car.

Petitioner sought to negotiate benefits for his cooperation. Petitioner revealed some information and expressed hope that he might obtain immunity. After assisting agents for two weeks, petitioner met with the federal prosecutor. Petitioner, with counsel present, was offered a plea agreement that required petitioner to serve a six-year sentence. Petitioner declined, seeking complete immunity.

Petitioner was subsequently prosecuted and tried before the Honorable Judge Helen Frye. He was found guilty by a jury on August 27, 2002, on drug charges related to a conspiracy to import, distribute, and possess ecstasy. Before trial, the court rejected petitioner's claim that the government had promised him complete immunity in return for his cooperation in dismantling an international conspiracy in which he was involved. At petitioner's sentencing, the court denied him credit for acceptance of responsibility. As a result of petitioner's convictions on all but one count, he was sentenced to twenty years' imprisonment.

Petitioner appealed, and while that appeal was pending, the United States Supreme Court issued its ruling in *Blakely v. Washington*, 542 U.S. 296 (2004). The Ninth Circuit affirmed the conviction and this court's related rulings, concluding that petitioner was not entitled to a minor

2 - OPINION AND ORDER

role adjustment; that he had no immunity agreement; and that the trial court did not err in finding

that he was not entitled to credit for acceptance of responsibility.  *See United States v. Wilson*,

392 F.3d 1055 (9th Cir. 2004).

Petitioner subsequently was appointed new counsel and filed a Motion to Vacate or

Correct Sentence pursuant to 28 U.S.C. § 2255.  Other details of the law enforcement

investigation and petitioner's prosecution will be addressed as necessary below.

**STANDARDS**

Petitioner's Motion to Vacate or Correct Sentence is brought under 28 U.S.C. § 2255.

That statute provides, in part:

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

A court should hold an evidentiary hearing "unless the motion and the files and records

of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  "To

earn the right to a hearing, therefore, [a petitioner is] required to allege specific facts which, if

true, would entitle [the petitioner] to relief."  *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998)

(quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)).  Mere conclusory

statements in a § 2255 motion are insufficient to require a hearing.  *United States v. Johnson*,

988 F.2d 941, 945 (9th Cir. 1993).  If credibility can be decided based on documentary testimony

and evidence in the record, no evidentiary hearing is required.  *Shah v. United States*, 878 F.2d

1156, 1159 (9th Cir. 1989) (internal quotations and citation omitted).

3 - OPINION AND ORDER

The court concludes that, based upon the parties' briefs and submissions, petitioner has alleged facts that, if true, warrant relief. An evidentiary hearing is unnecessary, however, because the remainder of this petition can be resolved by submission of written affidavits.

Petitioner asserts numerous grounds in support of his claims that he was deprived of effective assistance of counsel. In order to prevail on a claim for ineffective assistance of counsel "the petitioner must show (1) grossly deficient performance by his counsel, and (2) resultant prejudice." *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Under *Strickland*, counsel's competence is presumed and thus [petitioner] must rebut this presumption by demonstrating that [counsel's] performance was unreasonable under prevailing professional norms and was not the product of sound strategy." *Lambright v. Schriro*, 490 F.3d 1103, 1116 (9th Cir. 2007).

Judicial scrutiny of counsel's performance is highly deferential; the Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead ha[s] emphasized that 'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

To establish ineffective assistance of counsel, a petitioner must establish both deficient performance by counsel, and that the deficiency prejudiced the petitioner. *Williams v. Calderon*, 52 F.3d 1465, 1469 (9th Cir. 1995). There is no need to evaluate the counsel's performance if the petitioner fails to show that prejudice resulted from the counsel's alleged errors. *Strickland*, 466 U.S. at 697. Failure to make the required showing on either the "incompetence" prong or the "prejudice" prong defeats the ineffectiveness claim. *Id*. at 700.

4 - OPINION AND ORDER

Petitioner must overcome a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). "The essence of an ineffective assistance of counsel claim is that counsel's conduct so undermined the proper functioning of the adversarial process" that the results of the subsequent trial or plea "cannot be relied on as having produced a just result." *Williams*, 52 F.3d at 1469 (internal quotations omitted).

To establish deficient performance, the petitioner must demonstrate that counsel committed errors, and also performed outside the "wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Petitioner must show that counsel's representation failed to meet an objective standard of reasonableness. *Id*. at 688.

To show prejudice, defendant must demonstrate "that the attorney's deficient performance prejudiced the defendant such that 'there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007) (quoting *Strickland*, 466 U.S. at 688).

Specifically, petitioner must show that counsel committed errors that a reasonable, competent lawyer, acting as a diligent and conscientious advocate, would not make, and that prejudice resulted. *Katz v. United States*, 920 F.2d 610 (9th Cir. 1990); *Tinsley v. Borg*, 895 F.2d 520 (9th Cir. 1990) (citing *Strickland*). The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny must be highly deferential, with the court indulging a strong presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Id*.

**ANALYSIS**

Petitioner has summarized his primary arguments in his Reply memorandum.  The court has considered all issues presented, including every argument presented initially by petitioner but not further analyzed, as well as the arguments developed in petitioner's Reply.  Petitioner's claims regarding counsel's performance at trial and on appeal are rejected.  Counsel's performance during trial and throughout petitioner's appeal fell well within the acceptable range of reasonable professional assistance.  Moreover, there is no reasonable probability that, but for counsel's alleged errors at trial or on appeal, the result of the proceedings would have been different.  As the Supreme Court has reasoned, there is no need to evaluate the counsel's performance if the petitioner fails to show that prejudice resulted from the counsel's alleged errors.  *Strickland*, 466 U.S. at 697.

The assistance petitioner received prior to trial is more problematic.  Petitioner's claims regarding the pretrial assistance he received pertain to: (1) counsel's conduct during plea bargain negotiations; and (2) counsel's advice to petitioner regarding applicable Sentencing Guideline factors.  These claims require further analysis.

### 1.    Legal advice concerning the initial plea bargain offer.

Petitioner asserts that he was deprived of constitutionally effective representation of counsel when his attorney allowed him to reject the offer from the prosecutor of a plea bargain which would have resulted in a sentence of six years.  Petitioner argues that his trial attorney refused to give him professional advice regarding the merits of the plea bargain offer, and instead, advised him to reject the offer.  Counsel allegedly failed to notify petitioner that it would have been nearly impossible to obtain an acquittal or dismissal of the charges, particularly

because petitioner had made a detailed confession to law enforcement agents soon after his arrest.

Defendants have a constitutional right to effective assistance of counsel during plea negotiations. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The analysis announced in *Strickland* applies to claims that counsel's performance was constitutionally deficient during plea negotiations. *Id*. at 58. In some instances, the failure to properly advise a defendant of the available options and possible consequences relevant to plea negotiations can constitute ineffective assistance of counsel. *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994).

A petitioner who claims ineffective assistance of counsel with regard to whether to plead guilty must prove that (1) counsel rendered constitutionally deficient performance, and (2) there is a reasonable probability that but for counsel's deficient performance, the petitioner would have pled guilty. *Magana v. Hofbauer*, 263 F.3d 542, 547-48 (6th Cir. 2001) (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In this case, petitioner insisted upon receiving full immunity in plea negotiations. There is no dispute that petitioner consistently expressed a belief that he was entitled to full immunity – he did so before he was indicted, in pretrial negotiations, during trial, and while pursuing his direct appeal.

Trial counsel acknowledges that immediately after being appointed to represent petitioner, counsel met with petitioner, the prosecutor, and agents assigned to the case. At that meeting, the government offered petitioner a pre-indictment plea offer that would have resulted

in six years' incarceration (the six-year offer).  Resp. Response, Att. B, Affidavit of F. de la

Puente (Aff. of de la Puente) at 2-3.  Petitioner sought counsel's advice about the six-year offer,

but counsel explained that he needed to review discovery materials before developing an opinion

about it.  *Id*. at 3.  Counsel requested discovery so as to advise petitioner regarding the plea offer.

Discovery was denied and a deadline of one day was placed on the offer.  *Id*. at 3.

      Petitioner rejected the offer, believing six years was too long a sentence, that he was

entitled to immunity, and that he had done nothing wrong.  *Id*.

      After discovery was provided, the government never again presented the six-year offer.

*Id*. at 4.  Petitioner expressed a desire to put the government to its burden of proof, to obtain

immunity through a motion to dismiss, and to present his case to a jury.  *Id*.

      An attorney's failure to insist that a client accept the government's plea offer due to

overwhelming evidence of guilt does not constitute constitutionally ineffective assistance:

> The decision to plead guilty – first, last, and always – rests with the defendant, not
> his lawyer.  Although the attorney may provide an opinion on the strength of the
> government's case, the likelihood of a successful defense, and the wisdom of a
> chosen course of action, the ultimate decision of whether to go to trial must be
> made by the person who will bear the ultimate consequence of a conviction.

*Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003).

      However, petitioner's counsel is unable to recall any other efforts he may have

undertaken to renew plea negotiations up until trial.  Aff. of de la Puente at 4.  Counsel should

have aggressively pursued negotiations as discovery was produced and evidence of petitioner's

guilt mounted.

      The lack of evidence or testimony to support a conclusion that counsel protected

petitioner's interests regarding a negotiated plea is troubling.  The federal prosecutor – who

understandably maintains an interest in preserving petitioner's conviction and sentence –

describes meeting with counsel and petitioner in late 2001, and asserts that afterwards, counsel

"continued to contact me seeking an acceptable pre-trial resolution."  Resp. Response, Att. A,

Affidavit of Charles W. Stuckey (Stuckey Aff.) at 2-3.  Stuckey recalls that counsel "had made a

good faith effort to begin a process that would result in a negotiated resolution acceptable to both

parties" and that he was "acting appropriately under the circumstances " and "rightly pushed for

a recognition on the part of the government that his client not be held responsible for the full

scope of the conspiracy."  *Id*. at 3-4.

This is the only evidence presented that supports respondent's assertions that counsel's

assistance regarding plea negotiations was reasonably effective under the circumstances.

Therefore, resolving the question of whether counsel's conduct regarding plea negotiations fell

outside the wide range of reasonable professional assistance is difficult to ascertain.  Although

an evidentiary hearing might be appropriate under normal circumstances to resolve this question,

here counsel has already indicated that he has little more to contribute to efforts undertaken

toward resolution:

> [Petitioner] asked for my opinion [regarding the six-year offer], but I counseled
> [petitioner] that I would not give an opinion on [the] merits of the plea offer
> without evaluating discovery materials which at that time I did not have.  *I may
> have continued to discuss the possibility of a pre-trial resolution with the
> government up until the day of trial, but I am not sure as my recollection of
> [petitioner's] case is fading*.

Aff. of de la Puente at 3 (emphasis added).

Plainly, counsel now can offer no evidence or testimony in support of his performance on

behalf of petitioner's interests in obtaining a negotiated plea.  Moreover, in light of counsel's

failures to advise petitioner competently regarding the applicable Sentencing Guidelines and

9 - OPINION AND ORDER

how petitioner's sentence would likely be calculated if he were to be convicted after a full trial,
described below, an evidentiary hearing addressing counsel's plea negotiation efforts is
unnecessary.

### 2.    Legal advice regarding petitioner's potential sentence.

Petitioner next contends that trial counsel provided ineffective assistance by failing to
convey to him what the applicable Sentencing Guidelines indicated and by providing inaccurate
information about petitioner's likely sentence.  Specifically, petitioner alleges that counsel
performed inaccurate Guideline calculations, relied upon the wrong Guideline Manual, and
provided substandard advice regarding petitioner's sentencing exposure.  Moreover, petitioner
asserts he was never advised of the § 2D1.1(b)(1) two-level firearm enhancement or the fact that
his possession of a firearm in connection with drug offenses made him ineligible for a safety
valve departure.  Instead, petitioner contends, counsel assured petitioner that he was entitled to
receive a sentence adjustment for acceptance of responsibility, a safety valve reduction, and
other departures.  Petitioner avers that had he known his true sentencing exposure, he would not
have gone to trial, but would have taken a plea offer.

The testimony presented to refute petitioner's allegations is unpersuasive.  Petitioner's
counsel recalls only that he advised petitioner that he could get a three-level adjustment under
the Guidelines for acceptance of responsibility "even though he exercised his constitutional right
to a trial."  Aff. of de la Puente at 4.  Counsel denies advising petitioner that he would be eligible
for a "safety-valve" two-level reduction.  *Id*.  Instead, he claims that he advised petitioner that he
would present arguments regarding petitioner's "cooperation, mitigating role, and acceptance of
responsibility" to the sentencing judge, who was responsible for determining his sentence.  *Id*.

10 - OPINION AND ORDER

Respondent offered no comment regarding counsel's self-described efforts to advise petitioner about his likely sentence. Instead, respondent merely acknowledged that petitioner contends that his counsel "failed to advise [petitioner] of the nature of the charges and the sentencing guidelines, but [petitioner] makes no effort to explain how this alleged failure would have changed the result in any way." Resp. Response at 14.

Obviously, respondent is correct that counsel's failures to competently advise petitioner about his likely sentence had no bearing on the result of the trial itself. Instead, however, these failures had a profound impact upon petitioner's ability to evaluate whether he should negotiate a plea bargain or take his chances by going to trial.

A defendant has the right to make a reasonably informed decision whether to accept a plea offer. *Turner v. Calderon*, 281 F.3rd 851, 880 (9th Cir. 2002) (quoting *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992)). An attorney's performance is deemed deficient when the advice the attorney's client received "was so incorrect and so insufficient that it undermined [the defendant's] ability to make an intelligent decision about whether to accept the [plea] offer." *Id*. (quoting *Day*, 969 F.3d at 43). Information regarding the difference between the sentence exposure under a proposed plea agreement and the sentence exposure if the plea is rejected is often "crucial to the decision whether to plead guilty." *Day*, 969 F.2d at 43.

As noted above, *Strickland*'s two-prong test applies to ineffective assistance claims involving the plea bargain process. *Turner*, 281 F.3d at 879 (citing *Hill v. Lockhart*, 474 U.S. at 57-58). In plea situations, the first "inquiry is whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id*. (internal quotations and citations

11 - OPINION AND ORDER

omitted).  The question presented is whether "but for counsel's errors, [the defendant] would have pleaded guilty and would not have insisted on going to trial."  *Id*. at 879.

Here, under the specific circumstances presented, counsel's advice amounted to "gross error" and was "so incorrect and so insufficient that it undermined [petitioner]'s ability to make an intelligent decision about whether to accept the [plea] offer."  *Turner*, 281 F.3d at 880 (internal quotation marks and citation omitted ).  Trial counsel's notes indicate that at one point he miscalculated petitioner's likely sentencing range to be approximately forty-one to fifty-one months.  Ex. 102 to Pet'r Reply.  The cause of this error could be traceable to a significant change imposed when the Sentencing Commission increased penalties for distributing ecstasy in May 2001, just prior to petitioner's arrest, which counsel appears to have overlooked.  *See* Reply at 11-12; *see also* Ex. 103 (counsel's letter to petitioner stating  that "the 2000 version of the Guidelines applies"); Ex. 104 (counsel's letter to petitioner encouraging petitioner not to give up, advising petitioner that if he decided "to just go to trial, you'll still get three levels off your sentence for acceptance of responsibility," and providing petitioner with sentencing calculations that placed petitioner at a "Level 34" based upon the quantity of drugs involved, estimating a sentence of 188 months as a result, and then deducting three levels for acceptance of responsibility).

Moreover, petitioner asserts that counsel overlooked the applicability of the two-level firearm sentencing enhancement, and the fact that petitioner's firearm possession rendered him ineligible for a "safety valve" departure.  Although counsel denies having advised petitioner that he would receive the safety valve departure, the sentencing calculations that counsel created and

12 - OPINION AND ORDER

provided to petitioner reflected the inclusion of this departure (and omitted any consideration of the applicable two-level firearm enhancement). *See* Exs. 103; 104.

Counsel's pretrial performance failed to provide petitioner with sufficient information to make a reasonably informed decision about whether to accept a negotiated plea. *See Turner*, 281 F.3d at 881(counsel is required to give the defendant the tools defendant needs to make an intelligent decision); *see also Blaylock*, 20 F.3d at 1465 (where the issue is whether to advise a client to accept a guilty plea, counsel has "the duty to advise the defendant of the available options and possible consequences") (internal quotation marks and citation omitted).  Instead, petitioner was deprived of his counsel's assistance in making informed decisions. *See Nunes v. Mueller*, 350 F.3d 1045, 1052 (9th Cir. 2003) (the Sixth Amendment right to effective assistance of counsel guarantees more than a fair trial; it protects the "reliability of the entire trial process" including the plea bargaining process) (citations and internal quotations omitted).

Because of counsel's errors in his advice regarding the sentence petitioner was likely to receive, petitioner was deprived of constitutionally sufficient assistance of counsel before trial. Petitioner has satisfied the first prong of the *Strickland* test.

The second prong of that analysis asks whether petitioner was prejudiced by counsel's deficient performance.  Petitioner must establish that there is a reasonable probability that, but for his counsel's deficient advice, he would have accepted a plea offer. *Nunes*, 350 F.3d at 1054; *see also Turner*, 281 F.3d at 879; *Martinez v. Felker*, Cv. No. 04-2960-MMM, 2009 WL 393166, *15 (C.D. Cal., February 13, 2009).

Sometimes, the second prong in this kind of case is resolved after conducting an evidentiary hearing. *See Bedolla Garcia v. Runnels*, No. C 02-5480-CRB, 2004 WL 1465696,

13 - OPINION AND ORDER

*1-*3 (N.D. Cal. June 24, 2004) , *aff'd*, 133 Fed. Appx. 38 (9th Cir. 2005) (where counsel

inaccurately advised petitioner regarding his maximum potential sentence if he elected to go to

trial, court granted habeas relief after conducting an evidentiary hearing to ascertain whether the

defendant "would have actually accepted the offer at the time or whether this is merely a

self-serving statement based on hindsight").

Alternatively, however, the Ninth Circuit has also noted that requiring a habeas petitioner

to "always proffer some evidence other than his or her own statement to state a cognizable claim

of ineffective assistance of counsel during the plea bargaining process" can be viewed as being

in "substantial tension with *Strickland's* discouragement of 'mechanical rules' that distract from

an inquiry into the fundamental fairness of the proceedings, and [also] with its holding that 'a

court hearing an ineffectiveness claim must consider the totality of the evidence before the judge

or jury.'"  *Nunes*, 350 F.3d at 1054-55 n.6 (quoting *Strickland*, 466 U.S. at 695).

The determination of the second prong – whether there is a reasonable probability that,

Under the circumstances presented in this case, a full evidentiary hearing is unnecessary.

The court has made a conclusive determination that petitioner was deprived of constitutionally

sufficient assistance of counsel during the plea bargaining process.  Therefore, petitioner has

satisfied *Strickland's* first prong.

The determination of the second prong – whether there is a reasonable probability that,

but for his counsel's deficient advice, petitioner would have accepted a plea offer – requires a

limited evidentiary presentation.  This court is confident that it can determine whether the second

prong is met after reviewing written affidavits submitted by both parties.  Counsel for both

parties shall file affidavits addressing the following specific questions:

14 - OPINION AND ORDER

1.     **Would petitioner have accepted a plea offer if he had been provided with adequate information regarding his likely sentence?**

2.     **What other plea offers beside the six-year offer were made to petitioner, if any?**

Counsel may support these affidavits by filing accompanying declarations or exhibits.

Counsel are also ordered to file a memorandum of law addressing what the proper remedy should be if this court concludes that petitioner has satisfied *Strickland's* second prong. Counsel are advised that after a determination has been made that habeas relief is warranted, this court enjoys considerable discretion in fashioning a remedy tailored to the injury:

> When ineffective assistance of counsel has deprived a defendant of a plea bargain, a court may choose to vacate the conviction and return the parties to the plea bargaining state. A court may also order the government to reinstate its original plea offer to the defendant or release the defendant within a reasonable amount of time. In deciding the proper remedy, a court must consider the unique facts and circumstances of the particular case.

*Riggs v. Fairman*, 399 F.3d 1179, 1184 (9th Cir. 2005) ( internal citations omitted). A habeas remedy "should put the defendant back in the position he would have been in if the Sixth Amendment violation never occurred." *Nunes*, 350 F.3d at 1057 (quoting *Blaylock*, 20 F.3d at 1468); *see also Bedolla Garcia*, 2004 WL 1465696 at *5 (same). Counsel shall address which plea offer (if any) should be reinstated to petitioner in the event that the second *Strickland* prong is deemed satisfied.

**CONCLUSION**

Petitioner's claims of ineffective assistance of counsel regarding his attorney's performances at trial and on appeal are rejected for the reasons stated herein. However, petitioner was deprived of constitutionally sufficient assistance of counsel during the plea bargaining process. The parties are ordered to file affidavits addressing the questions

15 - OPINION AND ORDER

enumerated above.  Leave is granted allowing counsel to support these affidavits with

declarations or exhibits.  Counsel shall also file briefs addressing the remedy to which petitioner

would be  entitled if this court concludes that petitioner was prejudiced by the deprivation of

effective assistance of counsel during the plea bargaining process.  These affidavits and briefs

must be filed by both parties no later than April 30, 2009.  The petition will be resolved on or

after that date without further briefing or oral argument.

       IT IS SO ORDERED.

       DATED this __16__ day of April, 2009.


                              /s/ Ancer L. Haggerty
                              Ancer L. Haggerty
                        United States District Judge